```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

SMOKEDOCTOR LLC,                    *

    Plaintiff,                  *

vs.                                 *

                                                        CASE NO. 4:24-cv-5 (CDL)
Sheriff GREG COUNTRYMAN, in his     *
individual capacity, and
District Attorney STACEY             *
JACKSON, in his individual
capacity,                           *

    Defendants.

## O R D E R

Plaintiff has filed a motion to remand this removed action to the Superior Court of Muscogee County, Georgia (ECF No. 6). Because this action does not involve a substantial issue of federal law and because neither of the Defendants is sued in his capacity as a federal officer, federal question jurisdiction does not exist. Accordingly, with no basis for exercising federal subject matter jurisdiction, the Court grants Plaintiff's motion to remand (ECF No. 6). However, finding that Defendants had an objectively reasonable good faith basis for seeking to remove this action, Plaintiff's motion for attorneys fees is denied.

## FACTUAL BACKGROUND

Plaintiff was the subject of a criminal investigation regarding the illegal possession and sale of marijuana-related products. This investigation was initiated by the Muscogee County

Sheriff's Office based upon suspected violations of Georgia state law. Pursuant to that investigation, several employees of Plaintiff were arrested on state law charges, and alleged marijuana-related evidence was seized. Claiming that all of the evidence seized fully complies with Georgia law and that no evidence exists that Plaintiff was engaged in any activity that is illegal under state law, Plaintiff filed an action in state court seeking a return of the seized materials and injunctive relief prohibiting Defendants from further interfering with Plaintiff's business.[1] After that action was filed, Defendants contend that the federal government took over the case as an investigation of the violation of federal laws, and the Defendants turned over their complete investigation file, including all seized evidence, to federal authorities. Defendants claim that the state investigation no longer is pending and that they have no control over the federal investigation or the seized evidence. Within thirty days of being informed that the federal authorities had decided to investigate the matter, Defendants filed a notice of removal of this action to this Court.

---

[1] Plaintiff maintains that it sells legal "hemp" products, not marijuana controlled substances. Hemp products include edibles, topical creams, processed flower, and concentrated oils infused with hemp extracts. These hemp products allegedly contain hemp-derived cannabinoids with less than .3% Delta-9-THC, which exempts them from the definition of marijuana under the Georgia Controlled Substances Act.

2

DISCUSSION

Under our federalism-based system of constitutional government, the federal government and state government can under certain circumstances regulate the same conduct. And they can choose to do so differently. It is not uncommon for both the state and federal governments to have parallel criminal jurisdiction over conduct related to controlled substances. And each sovereign's criminalization of the same substance may not be identical. In recent years, for example, some states have legalized uses of marijuana that federal law does not. State and federal laws do not always define whether a substance is a regulated controlled substance with the same elements. Thus, certain conduct related to the same substance could be legal under state law, while being illegal under federal law. While these issues seem partly at play here, this case is not one to be decided solely on federalism grounds. Instead, the precise issue is whether this action sufficiently involves federal law such that this Court may exercise jurisdiction over it. The Court finds that it does not.

As noted above, the federal government's decision to pursue charges under federal law is not controlled by state law. If the federal authorities determine that federal law has been violated, they certainly may pursue separate federal charges in federal court. Thus, whether the state court enjoins the state law

investigation that these Defendants would control has no bearing on whether the federal authorities may continue their investigation. Furthermore, given that the investigative file and evidence has been turned over completely to the federal investigators, the state court will be unable to interfere with the federal investigation without the federal authorities having an opportunity to be heard. Any order by the state court directed to the Defendants to turn over evidence that they no longer possess would seem futile. And if the state court directed them to retrieve the evidence back from the federal authorities, the federal authorities would have the opportunity to intervene at that point to resist interference with a federal investigation. With regard to the relief sought seeking to prohibit the Defendants from pursuing their investigation, it appears that the state investigation is no longer being pursued and thus that claim seems moot. But even if it is not, the state court would not have the authority to enjoin a federal investigation, and if it tried to do so, the federal authorities would have the opportunity to intervene and resist such interference. At that point, the federal authorities may be able to remove any such action to this Court.

The Court finds that federal law issues are not sufficiently implicated in this action to permit this Court to exercise federal jurisdiction. The elements of Plaintiff's state law claim do not involve the interpretation of federal law. Furthermore, no

4

substantial federal question exists here. The Court certainly does not find the existence of a substantial federal question necessary to invoke federal jurisdiction. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-14 (2005) (articulating test to be whether state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"). The existence of a parallel federal investigation that involves possible violations of federal criminal law, not state law, does not convert an otherwise pure state law cause of action into a federal one. Furthermore, the fact that one of the sheriff's investigators in the case may also be a member of the federal task force that may have some involvement in the federal investigation is not enough to authorize federal officer jurisdiction given that the relief sought here is against the sheriff and the district attorney in their capacities as state officers investigating and pursuing state law claims, not federal ones. If in the future the federal investigation will be adversely impacted by the state court action, the United States, not these state officers, may seek appropriate relief at that time. Until then, the Court finds it lacks subject matter jurisdiction, and thus this action is remanded to the Superior Court of Muscogee County, Georgia.

5

CONCLUSION

For the reasons explained in the preceding discussion, Plaintiff's motion to remand (ECF No. 6) is granted, and its motion for attorney's fees is denied. The Clerk is directed to remand this action to the Superior Court of Muscogee County, Georgia.

IT IS SO ORDERED, this 13th day of February, 2024.

S/Clay D. Land<br>
CLAY D. LAND<br>
U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA